1

Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
**MANNING LAW, APC**

2

20062 SW Birch Street, Ste. 200

3

Newport Beach, CA 92660
Office: (949) 200-8755

4

DisabilityRights@manninglawoffice.com

5

6

Attorney for Plaintiff: ANTHONY BOUYER

7

8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

11

ANTHONY BOUYER, an

12

individual,

13

14

Plaintiff,

15

v.

16

17

JOE RICH JEONG, an individual;
JOE RICH JEONG and DIANA

18

ROSE JEONG, individually and as

19

trustees of the JEONG FAMILY

20

TRUST DATED JANUARY 11,
2000; and DOES 1-10, inclusive,

21

22

Defendants.

23

**Case No**.

**Complaint For Damages And Injunctive Relief For:**

1. **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §12181 *et seq.* as amended by the ADA Amendments Act of 2008 (P.L. 110-325).**

2. **VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq*.**

24

25

26

27

28

Plaintiff, ANTHONY BOUYER ("Plaintiff"), complains of Defendants JOE RICH JEONG, an individual; JOE RICH JEONG and DIANA ROSE JEONG, individually and as trustees of the JEONG FAMILY TRUST DATED JANUARY 11, 2000; and Does 1-10 ("Defendants") and alleges as follows:

///

1

**PARTIES**

1.     Plaintiff is an adult California resident. Plaintiff is substantially limited in performing one or more major life activities because he is paraplegic, including, but not limited to: walking, standing, moving about, sitting, and driving.  As a result of these substantial limitations, Plaintiff requires the use of leg braces for mobility stability, a walker or wheelchair for mobility, and hand control devices to drive his motor vehicle.  With such disabilities, Plaintiff qualifies as a member of a protected class under the Americans with Disabilities Act, 42 U.S.C. §12102(2) as amended by the ADA Amendments Act of 2008 (P.L. 110-325) ("ADA") and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq.  Further, as is his routine, custom, and habit; Plaintiff travels while wearing leg braces for stability, a walker to ambulate from his driver's seat to the rear of his vehicle where he stores his wheelchair, and then transfers to his wheelchair to further ambulate.  At the time of Plaintiff's visits to Defendants' facility and prior to instituting this action, Plaintiff suffered from a "qualified disability" under the ADA, including those set forth in this paragraph.  Plaintiff is also the holder of a Disabled Person Parking Placard.

2.     Plaintiff is informed and believes and thereon alleges that Defendants JOE RICH JEONG, an individual; JOE RICH JEONG and DIANA ROSE JEONG, individually and as trustees of the JEONG FAMILY TRUST DATED JANUARY 11, 2000, owned the property located at 310 South Victory Blvd., Burbank, CA 91502 ("Property") on or around February 16, 2021 upon which Corner Cottage ("Business") is located.

3.     Plaintiff is informed and believes and thereon alleges that Defendants JOE RICH JEONG, an individual; JOE RICH JEONG and DIANA ROSE JEONG, individually and as trustees of the JEONG FAMILY TRUST DATED JANUARY 11, 2000, currently own the Property.

4.     Plaintiff is informed and believes and thereon alleges that Defendant

JOE RICH JEONG, an individual, owned, operated, and controlled the Business located at the Property on February 16, 2021.

5.     Plaintiff is informed and believes and thereon alleges that Defendant JOE RICH JEONG, an individual, owns, operates, and controls the Business located at the Property currently.

6.     The Business is a restaurant open to the public, which is a "place of public accommodation" as that term is defined by 42 U.S.C. § 12181(7).

7.     Plaintiff does not know the true name of DOE Defendants, that may be related to the Business and/or Property.  Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged.  Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the ADA.

9.     This court has supplemental jurisdiction over Plaintiff's non-federal claims pursuant to 28 U.S.C. § 1367, because Plaintiff's Unruh Civil Rights Act, California Civil Code § 51 *et seq*., **(**"UCRA") claims are so related to Plaintiff's federal ADA claims in that they have the same nucleus of operative facts and arising out of the same transactions, they form part of the same case or controversy under Article III of the United States Constitution.

10.     Venue is proper in this court pursuant to 28 U.S.C. §1391 because the real property which is the subject of this action is located in this district and because Plaintiff's causes of action arose in this district.

## FACTUAL ALLEGATIONS

11.     Plaintiff went to the Business on or about February 16, 2021 for the dual purpose of purchasing food dand to confirm that this public place of

1  accommodation is accessible to persons with disabilities within the meaning federal

2  and state law.

3      12.    Unfortunately, although parking spaces were one of the facilities

4  reserved for patrons, there were no designated parking spaces available for persons

5  with disabilities that complied with the 2010 Americans with Disabilities Act

6  Accessibility Guidelines ("ADAAG") on February 16, 2021.

7      13.    At that time, instead of having architectural barrier free facilities for

8  patrons with disabilities, Defendants' facility has barriers that include but are not

9  limited to: a built up curb ramp that projects from the sidewalk and into the access

10  aisle (Section 406.5). Furthermore, the curb ramp is in excess of the maximum grade

11  allowed by ADAAG specifications (Section 406.1; 502.4).

12      14.    Due to architectural barriers in violation of the ADA and ADAAG

13  specifications, the parking, paths of travel, and demarcated accessible spaces at the

14  Property, are inaccessible.

15      15.    Parking spaces are one of the facilities, privileges, and advantages

16  reserved by Defendants to persons at the Property serving the Business.

17      16.    Because Defendants JOE RICH JEONG and DIANA ROSE JEONG,

18  individually and as trustees of the JEONG FAMILY TRUST DATED JANUARY

19  11, 2000, owns the Property, which is a place of public accommodation, they are

20  responsible for the violations of the ADA that exist in the parking area and

21  accessible routes that connect to the facility's entrance that serve customers to the

22  Business.

23      17.    Subject to the reservation of rights to assert further violations of law

24  after a site inspection found *infra*, Plaintiff asserts there are additional ADA

25  violations which affect him personally.

26      18.    Plaintiff is informed and believes and thereon alleges Defendants had

27  no policy or plan in place to make sure that there was compliant accessible parking

28  reserved for persons with disabilities prior to February 16, 2021.

19.     Plaintiff is informed and believes and thereon alleges Defendants have no policy or plan in place to make sure that the designated disabled parking for persons with disabilities comport with the ADAAG.

20.     Plaintiff personally encountered these barriers.  The presence of these barriers related to Plaintiff's disability denies Plaintiff his right to enjoy accessible conditions at public place of accommodation and invades legally cognizable interests created under the ADA.

21.     The conditions identified *supra* are necessarily related to Plaintiff's legally recognized disability in that Plaintiff is substantially limited in the major life activities of walking, standing, ambulating, and sitting; Plaintiff is the holder of a disabled parking placard; and because the enumerated conditions relate to the use of the accessible parking, relate to the slope and condition of the accessible parking and accessible path to the accessible entrance, and relate to the proximity of the accessible parking to the accessible entrance.

22.     As an individual with a mobility disability who relies upon a wheelchair, Plaintiff has a keen interest in whether public accommodations have architectural barriers that impede full accessibility to those accommodations by individuals with mobility impairments.

23.     Plaintiff is being deterred from patronizing the Business and its accommodations on particular occasions, but intends to return to the Business for the dual purpose of availing himself of the goods and services offered to the public and to ensure that the Business ceases evading its responsibilities under federal and state law.

24.     Upon being informed that the public place of accommodation has become fully and equally accessible, he will return within 45 days as a "tester" for the purpose of confirming their accessibility.  *Civil Rights Educ. and Enforcement Center v. Hospitality Props. Trust*, 867 F.3d 1093, 1096 (9th Cir. 2017).

25.     As a result of his difficulty experienced because of the inaccessible

condition of the facilities of the Business, Plaintiff was denied full and equal access to the Business and Property.

26. The Defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

27. The U.S. Department of Justice has emphasized the importance of enforcing laws that prohibit unlawful discriminatory behavior, especially in the era of the COVID-19 emergency. *See Statement by Assistant Attorney General for Civil Rights Eric S. Dreiband* Protecting Civil Rights While Responding to the Coronavirus Disease 2019 (COVID-19) found at https://www.ada.gov/aag_covid_statement.pdf.

28. The violations identified above are easily removed without much difficulty or expense.  They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove.  Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

29. Given the obvious and blatant violation alleged hereinabove, Plaintiff alleges, on information and belief, that there are other violations and barriers in the site that relate to his disability.  Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, the Defendants are on notice that the Plaintiff seeks to have all barriers related to his disability remedied.  See *Doran v. 7-11,* 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, the plaintiff can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

30. Without injunctive relief, Plaintiff will continue to be unable to fully access Defendants' facilities in violation of Plaintiff's rights under the ADA.

COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### FIRST CAUSE OF ACTION

### VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 *et seq.* as amended by the ADA Amendments Act of 2008 (P.L. 110-325)

31.     Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

32.     Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods, and services of any place of public accommodation are offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation.  See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

a.     A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

b.     A failure to remove architectural barriers where such removal is readily achievable.  42 U.S.C. § 12182(b)(2)(A)(iv).  Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D".

c.     A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving

1    the area, are readily accessible to and usable by individuals with

2    disabilities.  42 U.S.C. § 12183(a)(2).

3    33.    Any business that provides parking spaces must provide accessible

4    parking spaces.  2010 Standards § 208.  Under the 2010 Standards, access aisles

5    shall be at the same level as the parking spaces they serve.  Changes in level are not

6    permitted. 2010 Standards § 502.4.  "Access aisles are required to be nearly level in

7    all directions to provide a surface for wheelchair transfer to and from vehicles." 2010

8    Standards § 502.4 Advisory.  Here the failure to provide a level access aisle in the

9    designated disabled parking space is a violation of the law and excess slope angle in

10    the access pathway is a violation of the law.

11    34.    A public accommodation must maintain in operable working condition

12    those features of its facilities and equipment that are required to be readily accessible

13    to and usable by persons with disabilities.  28 C.F.R. § 36.211(a).

14    35.    Here, the failure to ensure that accessible facilities were available and

15    ready to be used by Plaintiff is a violation of law.

16    36.    Given its location and options, Plaintiff will continue to desire to

17    patronize the Business but he has been and will continue to be discriminated against

18    due to lack of accessible facilities and, therefore, seeks injunctive relief to remove

19    the barriers.

**SECOND CAUSE OF ACTION**

**VIOLATION OF THE UCRA, CALIFORNIA CIVIL CODE § 51 *et seq.***

22    37.    Plaintiff re-alleges and incorporates by reference all paragraphs alleged

23    above and each and every other paragraph in this Complaint necessary or helpful to

24    state this cause of action as though fully set forth herein.

25    38.    California Civil Code § 51 *et seq*. guarantees equal access for people

26    with disabilities to the accommodations, advantages, facilities, privileges, and

27    services of all business establishments of any kind whatsoever.  Defendants are

28    systematically violating the UCRA, Civil Code § 51 *et seq*.

1    39.    Because Defendants violate Plaintiff's rights under the ADA,

2  Defendants also violated the UCRA and are liable for damages. (Civ. Code § 51(f),

3  52(a).)  These violations are ongoing.

4    40.    Plaintiff is informed and believes and thereon alleges that Defendants'

5  actions constitute discrimination against Plaintiff on the basis of a disability, in

6  violation of the UCRA, Civil Code § 51 *et seq*., because Defendants have been

7  previously put on actual or constructive notice that the Business is inaccessible to

8  Plaintiff.  Despite this knowledge, Defendants maintain its premises in an

9  inaccessible form, and Defendants have failed to take actions to correct these

10  barriers.

## **PRAYER**

12   **WHEREFORE, Plaintiff prays that this court award damages provide relief as**

13  **follows:**

14    1.    A preliminary and permanent injunction enjoining Defendants from

15  further violations of the ADA, 42 U.S.C. § 12181 *et seq.* as amended by the ADA

16  Amendments Act of 2008 (P.L. 110-325), and UCRA, Civil Code § 51 *et seq.* with

17  respect to its operation of the Business and Property; Note: Plaintiff is not invoking

18  section 55, *et seq*, of the California Civil Code and is not seeking injunctive relief

19  under the Disabled Persons Act (Cal. C.C. §54) at all.

20    2.    An award of actual damages and statutory damages of not less than

21  $4,000 per violation pursuant to § 52(a) of the California Civil Code;

22    3.    An additional award of $4,000.00 as deterrence damages for each

23  violation pursuant to *Johnson v. Guedoir,* 218 F. Supp. 3d 1096; 2016 U.S. Dist.

24  LEXIS 150740 (USDC Cal, E.D. 2016); and,

25    4.    For reasonable attorneys' fees, litigation expenses, and costs of suit,

26  pursuant to 42 U.S.C. § 12205; California Civil Code § 52.

27    ///

28    ///

1

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby respectfully requests a trial by jury on all appropriate issues raised in this Complaint.


Dated: February 22, 2021                    **MANNING LAW, APC**


By: /s/ Joseph R. Manning Jr., Esq.
      Joseph R. Manning Jr., Esq.
      Attorney for Plaintiff

COMPLAINT